Matter of 738 E. 6th Owner (DE) LLC v New York City Dept. of Hous. Preserv. & Dev. (2025 NY Slip Op 00781)

Matter of 738 E. 6th Owner (DE) LLC v New York City Dept. of Hous. Preserv. & Dev.

2025 NY Slip Op 00781

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., Gonzalez, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 158861/22 158862/22 158868/22 158869/22 158870/22 158871/22 158941/22 Appeal No. 3651 Case No. 2024-00873 2024-00874 2024-00877 2024-00881 2024-00882 2024-00884 2024-00885 

[*1]In the Matter of 738 East 6th Owner (DE) LLC, et al., Petitioners-Appellants,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.
In the Matter of GPG 592, LLC, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.
In the Matter of 326 Beford Ventures LLC, etc., et al., Petitioners-Appellants,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.
In the Matter of DS Brooklyn Portfolio Owner, LLC, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.
In the Matter of DS Brooklyn Portfolio Owner, LLC, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.
In the Matter of DS Brooklyn Portfolio Owner, LLC, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.
In the Matter of DS Brooklyn Portfolio Owner, LLC, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (Joseph Goldsmith of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondent.

Judgments (denominated orders), Supreme Court, New York County (Erika M. Edwards, J.), entered on or about December 6, 2024, which denied the petitions to vacate or annul respondent New York City Department of Housing Preservation and Development (HPD)'s placement of petitioners' buildings on the Certificate of No Harassment (CONH) Pilot Program Building List, and ordering that petitioners' buildings be removed from the list, or finding that petitioners' buildings should be granted a waiver of certification of no harassment, and dismissed the proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners challenge HPD's placement of their buildings on the CONH Pilot Program List based on the respective scores that each received on the building qualification index (BQI). Under the program, buildings with six or more dwellings are evaluated "for distress based on the department's records of open and closed hazardous and immediately hazardous violations of the housing maintenance code, records of paid and unpaid liens for expenses incurred by the department for the repair or elimination of dangerous conditions under the emergency repair program, change of ownership, or any other factor that reasonably indicates distress . . ." (Administrative Code § 27-2093.1[a]). These criteria are promulgated under 28 RCNY 53-03. If certain criteria are met, the buildings are then placed on the CONH Pilot Program List and subject to additional requirements when applying for construction permits.
Petitioners have failed to establish that 28 RCNY 53-03 is so lacking in reason that it was essentially arbitrary (see Matter of Tri-City, LLC v New York City Taxi & Limousine Commn., 189 AD3d 652, 652 [1st Dept 2020]).
Further, petitioners each failed to establish that HPD's determination to include their buildings on the CONH Pilot Program List was arbitrary, irrational, or affected by an error of law (see generally Matter of Pell v Board of Educ. Of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]; CPLR 7803[3]). For several of the buildings, petitioners do not identify the mistakes, if any, HPD may have made in calculating the BQI scores. In addition, HPD submitted evidence showing its methodology in calculating the buildings' scores based on information derived from databases of violations and repair costs, as well as other documentation in its possession.
The court properly determined that petitioners failed to establish that any of the buildings in question qualified for a waiver, as the petitioners did not meet the prerequisites addressed in Administrative Code of City of NY § 27-2093.1(i).
Petitioners failed to establish that their buildings' placement on the CONH Pilot Program List and additional regulatory requirements resulted in the deprivation of a protected property interest (see generally Matter of IG Second Generation Partners L.P. v New York State Div. [*2]of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 482 [2008]; Tang v Visnauskas, 847 Fed Appx 24, 26 [2d Cir 2021], cert denied __ US __, 142 S Ct 349 [2021]). Even assuming that petitioners are correct that the additional regulatory burden may affect their property values, this premise is insufficient to establish that HPD's actions deprived them of protected property interests (see Fusco v Connecticut, 815 F2d 201, 205-206 [2d Cir 1987], cert denied 484 US 849 [1987]). Finally, petitioners have not submitted competent proof to show that the additional regulatory requirements deprive them of their ability to develop or sell these properties.
We have considered petitioners' remaining arguments and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025